IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL A. DOBSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:19cv00755 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DR. R.M. CORTEZ, | ) | By:   Hon. Thomas T. Cullen |
| | ) |         United States District Judge |
| Defendant. | ) | |

Plaintiff Michael A. Dobson, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, alleging that he was denied adequate medical treatment. By memorandum opinion and order entered March 31, 2021, the court dismissed Dobson's claims against all defendants except Dr. Cortez.[1] By order entered September 21, 2021, United States Magistrate Judge Robert S. Ballou denied Dobson's motions to amend his complaint to add a new claims and new facts in support of his claims after determining that Dobson did "not allege any facts against or conduct committed by any defendant, let alone against Dr. Cortez, and, thus, his amendments would fail to state a claim against any defendant." (Minute Order, Sept. 21, 2021 [ECF No. 74].) Dobson now seeks reconsideration of the denial of his motions to amend.[2] (ECF No. 77.) Finding no error in the magistrate judge's ruling, the court will deny Dobson's motion.

---

[1] Dr. Cortez has not been located or served and, thus, did not join the other defendants' motion to dismiss. (*See* ECF Nos. 14 &16.)

[2] Although styled as a motion for reconsideration, the motion is properly before the court as an objection to the magistrate judge's order. Fed. R. Civ. P. 72(a). Under that rule, "the district judge . . . must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely given when justice so requires. But leave to amend a pleading should be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. *Pevia v. Defendants*, Civil Action No. ELH-21-1656, 2022 U.S. Dist. LEXIS 161265, at *8 (D. Md. Sep. 6, 2022). Thus, section 1983 requires a showing of personal fault based upon a defendant's own conduct. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that, for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights).

Although Dobson's motions to amend provide many details concerning his medical treatment and his health since filing this action, the court agrees with the magistrate judge's determination that Dobson's allegations in the amendments fail to state a viable § 1983 claim against Dr. Cortez or any defendant. Accordingly, it is hereby **ORDERED** that Dobson's motion (ECF No. 77) is **DENIED**.

The Clerk is directed to send copies of this Order to the parties.

**ENTERED** this 13th day of September, 2022.

<i>/s/ Thomas T. Cullen</i><br>
HON. THOMAS T. CULLEN<br>
UNITED STATES DISTRICT JUDGE