IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL A. DOBSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:19cv00755 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JEFFREY KISER, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |           United States District Judge |
| Defendants. | ) | |

Plaintiff Michael Dobson, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, alleging that the defendants denied him adequate medical treatment at Buckingham Correctional Center ("Buckingham"). The court previously granted the motion to dismiss of all defendants except Dr. Cortez. (*See* ECF Nos. 57 & 58.) In the process of notifying the defendants of this action, the Office of the Attorney General advised the court that Dr. Cortez was a contract doctor who no longer worked at Buckingham and that they did not have a forwarding address to contact him. (*See* ECF No. 14.) The court directed Dobson to provide the court with an address for Dr. Cortez so the court could accomplish service of process and warned Dobson that failure to provide the address would result in dismissal of his complaint against Dr. Cortez without prejudice. Dobson did not respond to the court's order. Accordingly, he failed to comply with the court's order and the court will dismiss Dobson's complaint against Dr. Cortez.

Moreover, Dobson's allegations in the complaint do not state a viable § 1983 claim against Dr. Cortez. Dobson alleges that he began experiencing chest pains in 2017 and in May 2017, he went to see the medical department at Buckingham for these pains. He states that

Dr. Cortez was the first doctor who saw him at Buckingham and that Dr. Cortez diagnosed him with heartburn. Dobson claims that when he asked for "more test[s]," Dr. Cortez "only ordered a chest x[-]ray" and advised Dobson that "Richmond would not approve any more test[s] if the x[-]ray didn't show anything." (Compl. at 7 [ECF No. 1].) Although Dobson complains that Dr. Cortez "did not properly diagnos[e his] condition," he concedes that he "did in fact have acid reflux and was treated for that." (*Id.* at 7−8.) Dobson's complaint describes subsequent medical treatment received from other medical professionals, but he does not allege that he saw Dr. Cortez after that one encounter.

To establish a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must put forth facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995). A prison official is "deliberately indifferent" only if he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A claim concerning a mere disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Harris v. Murray*, 761 F. Supp. 409, 414 (E.D. Va. 1990). In fact, "many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). An "error of judgment" on the part of prison medical staff or "inadvertent failure to provide adequate medical care," while perhaps sufficient to support an action for malpractice, does not constitute a constitutional deprivation

redressable under § 1983. *Boyce v. Alizaduh*, 595 F.2d 948, 953 (4th Cir. 1979), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). Mere negligence does not constitute deliberate indifference; rather, a prison official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists and must draw the inference. *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998); *see also Farmer*, 511 U.S. at 837. To sustain a claim of deliberate indifference to a serious medical need, the prison official's conduct must be so grossly incompetent, inadequate, or excessive so as to shock the conscience or to be intolerable to fundamental fairness. *Militier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990).

Dobson has not alleged facts that, if proven true, would establish that Dr. Cortez was deliberately indifferent to a serious medical need. His allegations only show that he complained to Dr. Cortez of pain, Dr. Cortez diagnosed and treated the pain, and Dr. Cortez ordered an additional x-ray. There is no indication that Dr. Cortez knew of and disregarded a serious medical need. At most, Dobson's allegations against Dr. Cortez amount to a disagreement with diagnosis and treatment and/or a possible error in medical judgment. As such, the court concludes that Dobson has failed to state a cognizable Eighth Amendment claim against Dr. Cortez.

For the reasons stated, the court will dismiss Dobson's complaint against Dr. Cortez without prejudice.

- 4 -

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 21st day of March, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE